**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

TELMAC TECHNOLOGIA, LTDA, and         )
TELMAC TECHNOLOGIES, L.L.C.,          )
a limited liability company,          )
                                      )
              Plaintiffs,             )
                                      )
vs.                                   )        Case No. 07-CV-8-GKF-SAJ
                                      )
JLM GAMES, INC., a South Carolina     )
corporation, TREASURE CHEST, a South  )
Carolina business entity, JIMMY LEEWOOD )
MARTIN, an individual and in his capacities on )
behalf of JLM Games, Inc., and Treasure Chest, )
survived by GREAT GAMES OF NORTH      )
AUGUSTA, INC., and JOHN DOE(S) I-III, )
individuals(s) and/or business entities, )
                                      )
              Defendants.             )

**OPINION AND ORDER**

This matter comes before the Court on Motion of defendant Jimmy Leewood Martin

("Martin") to Dismiss [Docket #14] or, Alternatively, to Stay Proceedings [Docket # 19] and

Compel Arbitration.

Paragraph 6.2 of the agreement between plaintiff Telmac Technologia LTDA and defendant

JLM Games Inc. provides, in pertinent part:

> Any dispute, controversy or claim arising out of or relating to this
> agreement, the agreements or instruments executed and delivered in
> connection herewith, and the transactions contemplated hereby, or the
> breach, termination or invalidity of any of the foregoing, shall be
> settled by arbitration in accordance with the rules of the United
> Nations Commission on International Trade Law (UNCITRAL) as at
> present in force, in the context of an arbitration administered by ICC
> - International Commerce Chamber in New York - USA.

The United States Supreme Court has "long recognized and enforced a 'liberal federal

policy favoring arbitration agreements.'" *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83

(2002).  Plaintiffs Telmac Technologia, LTDA and Telmac Technologies, L.L.C., a limited liability company (jointly, "Telmac") do not contest the validity of the arbitration agreement.  Rather, Telmac contends that Martin has waived any rights to invoke the arbitration clause by demanding that Telmac resort to the courts for resolution of the dispute, that dismissal is inappropriate, and that the Court lacks authority to compel arbitration.

As for Telmac's waiver argument, the Tenth Circuit Court of Appeals has applied the presumption "that the arbitrator will address any allegations concerning waiver." *Ansari v. Qwest Communications Corp.*, 414 F.3d 1214, 1220 (10th Cir. 2005); *see also Ormsbee Dev. Co. v. Grace*, 668 F.2d 1140, 1146 (10th Cir. 1982)(noting that when parties agree to submit dispute to arbitration, it is presumed that arbitrator is authorized to determine all issues of law and fact necessary to resolve dispute).  Telmac has not rebutted that presumption.

The Federal Arbitration Act provides that a district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3.  In *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994), the Tenth Circuit Court of Appeals held, following a district court's order dismissing the complaint, that "[t]he proper course . . . would have been for the district court to grant Defendant's motion and stay the action pending arbitration."  Martin's motion to dismiss must therefore be denied.  Martin's motion to stay proceedings pending arbitration is granted.

This Court concurs with Telmac that "where the parties agreed to arbitrate in a particular forum only a district court in that forum has authority to compel arbitration under [9 U.S.C. § 4]." *Ansari*, 414 F.3d. at 1219-20.  A district court lacks authority to compel arbitration in other districts, or in its own district if another has been specified for arbitration.  *Id*. at 1220.  Martin's request to

compel arbitration must be denied.

WHEREFORE, the Motion to Dismiss of defendant Jimmy Leewood Martin  [Docket #14] is denied; the alternative Motion to Stay Proceedings [Docket # 19] is granted; and the Motion to Compel Arbitration is denied.

IT IS SO ORDERED this 9th day of August 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma